John M. Sipos, Esq. County Attorney, Seneca County
You have asked whether a person may hold simultaneouly the positions of member of a county board of supervisors and supreme court reporter. You are concerned that the county has numerous dealings with the Office of Court Administration including such matters as court room rental, court security agreements and appointments to the jury board.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The board of supervisors is the legislative body of county government. A person serving as a supervisor would make legislative decisions on behalf of the county. In contrast, a court reporter would not have responsibility for the determination of policy. That person is an employee of the unified court system. Under these circumstances, we believe there is no potential for incompatibility (Op Atty Gen [Inf] 83-2, 83-54). Incompatibility results from an inconsistency or antagonism in the functions and duties of two positions held by the same person. Since a court reporter does not make policy decisions of the kinds you have mentioned, and works exclusively at the direction of others, we do not believe the two positions are incompatible. However, as a member of a local legislative body this person should avoid participating in matters in which he has a conflict of interest. In a situation where his loyalties are divided or where an appearance of impropriety would result from his participation, the member should abstain. This is a question that must be determined on a case-by-case basis.
We conclude that the positions of member of the county board of supervisors and supreme court reporter are compatible.